# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RUTHIE M. SWANSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-2463 (ABJ) |
| HOWARD UNIVERSITY, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

On June 27, 2019, plaintiff Ruthie Michelle Swanson, proceeding *pro se*, brought this action in the Superior Court of the District of Columbia against defendant Howard University, Inc. ("Howard") alleging that defendant acted unlawfully when it removed plaintiff's case to federal court in previous lawsuits and when it placed her as a nurse on the adult floor of Howard University Hospital while knowing that she could not lift heavy objects. *See* Compl., Attachment 2 to Notice of Removal [Dkt. # 1-2] ("Compl.").

Defendant removed this action on diversity grounds under 28 U.S.C. § 1332(a). Def. Howard's Notice of Removal [Dkt. # 1] ("Def.'s Notice of Removal") ¶¶ 10–14. On August 14, 2019, defendant requested an administrative dismissal, citing five other lawsuits arising out of the same set of facts against defendant, each of which has been dismissed by this Court. *See* Def.'s Request for Administrative Dismissal [Dkt. # 2] ("Def.'s Mot. to Dismiss"). On September 5, 2019, plaintiff moved to remand the case to Superior Court. Pl.'s Mot. to Remand [Dkt. # 5]. Defendant opposed the motion on September 23, 2019, Def.'s Opp. to Pl.'s Mot. to Remand [Dkt. # 6], and plaintiff replied on October 22, 2019. Pl.'s Reply in Supp. of Mot. to Remand [Dkt. # 7].

1

For the reasons stated below, the Court will deny plaintiff's motion to remand, and grant defendant's motion to dismiss.

**BACKGROUND**

In 2002, plaintiff was employed as a nurse at Howard University Hospital. Compl. at 1. During her employment, her doctor recommended that she be placed on "light duty" because she could not lift over ten pounds. *Id.* Plaintiff worked in the neonatal unit, but one of plaintiff's supervisors ordered that she go to the "heavy adult floor or be fired." *Id.* There, plaintiff lifted an adult patient and sustained a wrist fracture in her right hand, which "developed [into] rheumatoid arthritis." *Id.* She was placed on permanent disability by her nursing union, which entitled her to 60% of her pay, but she claims that she has been underpaid by the Hospital's insurance provider, Prudential Insurance Co. *Id.*

The instant case is plaintiff's sixth attempt to recover money she claims is owed to her by Howard University. Plaintiff first filed suit on August 10, 2016 in the Superior Court for the District of Columbia against Howard University and Prudential Insurance Company, and on September 19, 2016, defendants removed the case to this court. *Swanson v. Prudential Insurance Co., et al.*, Civil Action No. 16-1863 ("*Swanson I*"), Def. Prudential's Notice of Removal [Dkt. # 1] ("*Swanson I* Notice of Removal"). In that case she claimed $25,000,000 in damages because Howard University allegedly caused her disability and never paid her worker's compensation benefits. *Id.* ¶ 1; Ex. 1 to *Swanson I* Notice of Removal [Dkt. # 1-1] ("*Swanson I* Compl.") at 4. Plaintiff moved to remand the case, *Swanson I*, Pl.'s Mot. to Remand [Dkt. # 8], but the Court found that it had federal question jurisdiction because the Court construed plaintiff's claim as one arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, since the disability benefits she sought were provided under an employer-sponsored

insurance policy governed by ERISA. *See Swanson I*, Order (Sept. 27, 2016) [Dkt. # 11]. Defendants then moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 27, 2016. *Swanson I*, Def. Howard University's Mot. to Dismiss [Dkt. # 10]. That day, the Court issued a *Fox* order warning plaintiff that if she failed to file a response by October 27, the motion to dismiss would be granted. *Swanson I*, Order (Sept. 27, 2016) [Dkt. # 11]. On October 3, plaintiff filed a motion to remand the case, which the Court denied because the removal was proper. *Swanson I*, Min. Order (Oct. 5, 2016). Again, the Court reminded plaintiff that she must respond to the motion to dismiss by October 27 or risk dismissal. *Id.* On November 8, 2016, the Court granted the motion to dismiss as conceded because she failed to respond. *Swanson I*, Order (Nov. 8, 2016) [Dkt. # 13].

Shortly thereafter, plaintiff moved for reconsideration of the Court's Order granting defendants' motions to dismiss, *Swanson I*, Pl.'s Mot. for Recons. [Dkt. # 15], but the Court denied her motion on April 4, 2017. *Swanson I*, Mem. Op. & Order (Apr. 4, 2017) [Dkt. # 19].

On October 3, 2016, plaintiff, again proceeding *pro se*, initiated an action against defendant Howard University in the Superior Court of the District of Columbia. *Swanson v. Howard Univ.*, Civil Action No. 16-02343 ("*Swanson II*"), Def. Howard's Notice of Removal [Dkt. # 2] ("*Swanson II* Notice of Removal") ¶ 1; Ex. A to *Swanson II* Notice of Removal [Dkt. # 2-1] ("*Swanson II* Compl.") at 7. Plaintiff alleged that Howard "illegally" removed her previous case, *Swanson I*, from the Superior Court to the U.S. District Court and that "Howard University [was] trying to delay [her] court date." *Swanson II* Compl. at 7. Plaintiff sought $10,000,000 in damages. *Id.* Defendant construed plaintiff's claim as one for "abuse of process related to [her] previously filed and removed lawsuit against Prudential and Howard: U.S.D.C. Case No. 1:16-cv-01863." *Swanson II* Notice of Removal ¶ 5.

3

On January 16, 2017, defendant filed a motion to dismiss. *Swanson II*, Def. Howard's Mot. to Dismiss [Dkt. # 8] ("*Swanson II* Def.'s Mot."). On January 17, the Court issued a *Fox* order requiring plaintiff to respond by February 16. *Swanson II*, Order (Jan. 17, 2017) [Dkt. # 9]. Plaintiff opposed the motion on February 1, 2017. *Swanson II*, Pl.'s Opp. to *Swanson II* Def.'s Mot. [Dkt. # 10] ("*Swanson II* Pl.'s Opp."). The Court granted defendant's motion to dismiss on April 13, 2017 for failure to state a claim upon which relief could be granted. *Swanson II*, Order (Apr. 13, 2017) [Dkt. # 11]; *Swanson II*, Mem. Op. (Apr. 13, 2017) [Dkt. # 12].

On December 15, 2016, plaintiff initiated another action in the Superior Court, against defendant Howard University, alleging that in 2002, defendant acted negligently by placing her back on full duty status as a nurse, thereby causing her to suffer a physical injury that resulted in a permanent disability. *Swanson v. Howard Univ.*, Civil Action No. 17-0127 ("*Swanson III*"), Def. Howard's Notice of Removal [Dkt. # 1]; *Swanson III*, Ex. A to Def.'s Notice of Removal [Dkt. # 1–2] ("*Swanson III* Compl."). Defendant removed the action on January 19, 2017 on diversity grounds, *Swanson III* Notice of Removal ¶¶ 5–12, and plaintiff did not contest the removal. On January 26, 2017, defendant filed a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6). *Swanson III*, Def.'s Mot. to Dismiss [Dkt. # 6]. The Court issued a *Fox* order requiring plaintiff to respond by February 27, *see Swanson III*, Order (Jan. 27, 2017) [Dkt. # 8], and on February 10, plaintiff opposed the motion to dismiss. *Swanson III*, Pl.'s Opp. to Def.'s Mot. [Dkt. # 9]. On April 13, 2017, the Court granted defendant's motion to dismiss, finding that plaintiff's claim was barred by the applicable statute of limitations and *res judicata*. *Swanson III*, Mem. Op. (Apr. 13, 2017) [Dkt. # 13].

On September 27, 2017, Swanson commenced yet another civil action in the Superior Court against Howard University, seeking $5,000,000 in damages claiming an abuse of process

when her previous cases were removed to the district court and again claiming that Howard University owed her money pursuant to her disability payments. *Swanson v. Howard Univ.*, Civil Action No. 17-2185 ("*Swanson IV*"), Def. Howard's Notice of Removal [Dkt. # 1]; *Swanson IV*, Ex. 1 to Def.'s Notice of Removal [Dkt. # 1-1] ("*Swanson IV* Compl."). Defendant moved to dismiss on October 26, 2017, *Swanson IV* Def.'s Mot. to Dismiss [Dkt. # 4], but plaintiff failed to respond despite multiple reminders from the Court that failure to respond could result in dismissal. *Swanson IV*, Order (Oct. 27, 2017) [Dkt. # 6]. On November 28, 2017, defendant also moved for attorney's fees. *Swanson IV*, Def.'s Mot. for Att'y's Fees And Costs [Dkt. # 9]. On November 29, 2017, the Court granted defendant's motion to dismiss because plaintiff failed to respond in a timely fashion. *Swanson IV*, Order (Nov. 29, 2017) [Dkt. # 10]. On January 9, 2018, the Court denied the motion for attorney's fees given plaintiff's limited ability to comply with such an order, although the Court cautioned plaintiff "that it has ruled on multiple occasions that it was not improper for counsel for the University to remove a case filed in Superior Court to federal court, and that any additional complaints based on the same theory will be dismissed." *Swanson IV*, Min. Order (Jan. 9, 2018).

On November 27, 2017, Swanson filed another action in the Superior Court against Howard University's lawyer, Ariana Arnold, this time seeking $10,000,000 in damages for "abuse of process" when her cases were removed to the district court. *Swanson v. Arnold*, Civil Action No. 18-0012 ("*Swanson V*"), Def.'s Notice of Removal [Dkt. # 1]. On January 9, 2018, the Court ordered that defendant need not respond to plaintiff's complaint pending further order of the Court, and that plaintiff must show cause why the case should not be dismissed under Federal Rule of Civil Procedure 8. *Swanson V* Min. Order (Jan. 9, 2018). On January 26, 2018, defendant moved for attorney's fees. *Swanson V* Def. Mot. for Att'y's Fees [Dkt. # 5]. On February 2, 2018, the

Court dismissed the case because plaintiff did not respond to the order to show cause and for failure to comply with Federal Rule of Civil Procedure 8. *Swanson V* Min. Order (Feb. 2, 2018). The Court stated, "that any lawsuits brought in the future that are based on defendant's lawful actions in removing plaintiff's cases to federal court will be dismissed, and that in the future, sanctions, including attorneys' fees, may well be imposed." *Id.* The Court denied the motion for attorney's fees because of plaintiff's limited ability to comply and the fact that the previous motion for attorney's fees in *Swanson IV* was still pending when *Swanson V* was filed. *Id.*

Finally, in this case, plaintiff commenced a civil action, alleging the same abuse of legal process and negligence claims against Howard University that she has advanced in her previous lawsuits. Compl. Plaintiff also seems to allege that Prudential Insurance Company, who is not a defendant in this case, has been underpaying her disability benefits (which is the same claim that she brought to the Court in *Swanson I*). *See* Compl. Defendant removed the case on August 14, 2019, Def.'s Notice of Removal, and moved to dismiss the case the same day based upon the Court's prior orders. Def.'s Mot. to Dismiss. Plaintiff moved to remand the case. Pl.'s Mot. to Remand [Dkt. # 5]. The Court issued an Order on November 27, 2019, ordering plaintiff to respond to the motion to dismiss and to show cause why the case should not be dismissed pursuant to the Court's February 2, 2018 minute order issued in *Swanson V* by December 30, 2019. Order [Dkt. # 8]. Instead of either showing cause or responding to the motion, plaintiff filed a motion to set a hearing, arguing that she has already responded to the motion to dismiss and that she should be allowed a hearing to allow an attorney to argue for her position. Pl.'s Mot. to Set Hearing [Dkt. # 9].

6

**ANALYSIS**

Plaintiff's motion to remand will be denied, because the Court has diversity jurisdiction. Plaintiff lives in Georgia and Howard University is incorporated in the District of Columbia, and she has claimed $10,000,000 in damages.[1] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (a party invokes diversity jurisdiction when she "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000"). Plaintiff argues that she lived in Maryland when the injury took place, but the state of domicile is determined at the time the complaint is filed, not when injury took place. *Williamson v. Osenton*, 232 U.S. 619 (1914). And, in any event, if she lived in Maryland, there would still be diversity jurisdiction.

Furthermore, in the event that plaintiff is alleging that her disability payments are not being paid fully, the Court has previously found that such a claim is a federal question. In her complaint, she alleges that "[t]he Hospital's Insurance Co. (Prudential) only gave me 28% of my pay per month" and that the "Hospital . . . refused to pay [her] Worker's Compensation." Compl. But her long-term disability payments are administered by a benefit plan that is governed by ERISA. *See Swanson I*, Order (Sept. 27, 2016). Because ERISA "provides an exclusive federal cause of action for resolution of" "a suit by a beneficiary to recover benefits from a covered plan," *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–63 (1987), plaintiff's claims for her disability payments would therefore arise under federal law. Thus, plaintiff's motion to remand the case will be denied because the Court has jurisdiction over her claims.

---

1     While there appears to be no substance to plaintiff's demand for damages, and plaintiff's complaint does not set forth the legal basis for her claim of damages, the Court will not remand the case to Superior Court since this Court has maintained jurisdiction over plaintiff's five other cases arising out of the same facts and remanding the case back to Superior Court could lead to inconsistent outcomes. Furthermore, neither party has raised any issue with the amount in controversy.

Furthermore, defendant's motion to dismiss will be granted. Plaintiff has alleged the same set of facts as previously alleged in her five other actions, and the complaint has been dismissed five times, for either plaintiff's failure to respond or for failure to state a claim as barred by the statute of limitations and *res judicata*. Again here, plaintiff complains that her case was wrongfully removed to federal court. Compl. at 1–2. Plaintiff has been warned twice that subsequent filings of lawsuits based upon the proper removals to federal court will be dismissed, yet she continues to file complaints alleging the same conduct. And, to the extent that plaintiff is claiming that Howard University acted negligently when it placed her on the adult floor of the hospital or she has been denied payments to which she has been entitled to, the Court has already dismissed two of her lawsuits based on those allegations – *Swanson I* and *Swanson III* – as either precluded by *res judicata* or for failure to respond. *Swanson I*, Order (Nov. 8, 2016); *Swanson III*, Mem. Op. [Dkt. # 13]; *see, e.g.*, *Gresham v. District of Columbia*, 66 F. Supp. 3d 178, 195 (D.D.C. 2014) (finding case barred by *res judicata* after plaintiff's previous action had been dismissed for plaintiff's failure to respond to defendant's motion to dismiss).

The Court is mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than is applied to a pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But the Court may dismiss a complaint under 28 U.S.C. § 1915(e) when it is frivolous, malicious, or fails to state a claim upon which relief can be granted. And "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Here, the complaint not only fails to state a claim, but this Court has already found, multiple times, that it lacks an arguable basis in law because the statute of limitations has passed and that it is barred by *res*

*judicata*. Furthermore, any claim for abuse of process has similarly been dismissed, and the Court has warned plaintiff that future cases based upon an alleged illegal removal will not stand.

## CONCLUSION

For the reasons stated above, plaintiff's motion to remand will be denied, and defendant's motion for dismissal will be granted. The Court will dismiss any future actions against Howard University arising out of these circumstances *sua sponte*, obviating the need for any response.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: January 13, 2020